JOSEPH M. STEELE v. COMMERCIAL ACCIDENT INSURANCE COMPANY.[1]

November 24, 1922.

No. 22,994.

Whether lapse in health policy question for the jury.
    1. The evidence falls far short of showing conclusively that there was a lapse in the policy, and that question was for the jury.

Charge to jury as to liability of defendant.
    2. There was no error in the instruction that if the jury found that at the time the policy was issued, the insured made no misstatements

[1]Reported in 190 N. W. 611.

and there was no lapse and plaintiff became sick and was totally dis-
abled during the period of 2 years and continuously treated by a physi-
cian, then she would be entitled to recover the amount of the policy
with interest.

#### Defendant relieved from liability if plaintiff had chronic trouble.

3. The court properly instructed the jury that if it found that there
was a lapse, and that at the time the policy was reinstated the plain-
tiff was suffering with chronic trouble as contended, that, in itself
would relieve the defendant from liability.

#### Exclusion of exhibits proper.

4. Defendant's rights were not prejudiced by the exclusion of Ex-
hibits 6 and 7.

Action in the district court for Hennepin county to recover $1,000
upon defendant's accident and health insurance policy. The case
was tried before Bardwell, J., who when plaintiff rested denied
defendant's motion to dismiss the action and at the close of the
testimony defendant's motion for a directed verdict, and a jury
which returned a verdict for $1,275.33. From an order denying its
motion for judgment notwithstanding the verdict or for a new trial
in case plaintiff consented to a reduction of the verdict to $1,200,
defendant appealed. Affirmed.

*Leroy Bowen*, for appellant.

*C. A. & V. C. Pidgeon*, for respondent.

QUINN, J.

Action under the permanent disability clause of an accident and
health insurance policy issued by the defendant company to the
plaintiff on March 13, 1915. There was a verdict for plaintiff, and
from an order denying its alternative motion for judgment or a new
trial, defendant appeals.

Plaintiff is a widow residing with her mother at Melrose. She
clerked in her brother's store for 9 years preceding her sickness and
was healthy and vigorous. On March 13, 1915, the defendant com-
pany issued to her its policy of health insurance. The premium
thereon was $12 per year, payable annually, semiannually, quar-

terly or monthly as the insured might desire, and was paid in different amounts and at different times in the month up to and including the month of July, 1917, without any suggestion as to the regularity of payment.

On September 26, 1916, plaintiff sent the company a check for $3 in payment of the premiums for September, October and November, and at the same time wrote the company that she was sick and had not worked for a number of days. This was the first indication of her illness. On January 26, 1917, she paid and the defendant received and credited her with the premium for December, 1916, and January and February, 1917. Plaintiff had an attack of grippe in January, but recovered sufficiently so that she returned to work, but did not regain her strength. She then consulted Dr. Hilbert, who, after a thorough examination, advised her that she had a large tumor and told her that she should resign her position, as she would never be able to work again, and also advised an operation. Upon this advice she quit work on February 14, and on the seventeenth went to Rochester, where Dr. Mayo operated on her for multiple cysts. She remained in Rochester until May 7, when she returned to her home at Melrose. For a year thereafter she remained under the care of Dr. Hilbert, unable to leave her room. Since that time she has been unable to work or get about, and her physicians advised her that they could do nothing for her. Dr. Hilbert last examined her in May, 1921, and he testified at the trial, that she had never regained her strength, that she was unable to work, and that her disability was practically total. His testimony was uncontroverted.

The court charged the jury, in effect, that if it found from the testimony that there was a lapse, and that at the time the policy was reinstated the plaintiff was affected with chronic trouble as contended, that in itself would relieve the defendant from liability. We see nothing objectionable in this instruction. It was defendant's custom to keep a card for each policyholder, upon which it gave credit for the payment of premiums. The card so kept for the plaintiff shows that defendant credited the remittance of January 26, to the months of December, January and February. If

there was any lapse of the policy, or default in the payment of the premium, it was because of the time of this payment, which, under the circumstances as shown by the record, was for the jury to determine. By accepting and crediting the payments so made, as appears from its own record, with knowledge of the plaintiff's indisposition, the defendant should be estopped from claiming nonpayment of dues for those months.

By assignments 5, 6 and 7, appellant further challenges the court's instructions to the jury. The charge goes no farther than to say to the jury, in effect that, if it found that at the time the policy was issued the insured made no misstatements and there was no lapse and plaintiff became sick and was totally disabled during the period of 2 years and was continuously treated by a physician, then she would be entitled to recover the amount of the policy with interest. We think this charge as given was a clear statement of the issues and as favorable to the defendant as it had a right to expect.

The plaintiff authorized her physicians, Doctors Goehrs, Hilbert and the Mayo clinic, to furnish defendant with reports of their findings as to her condition and treatment. These reports were furnished, and those of Doctors Goehrs and Hilbert were received in evidence. The report from the Mayo clinic was in the form of 2 letters, Exhibits 6 and 7, signed by Dr. Hunt of that clinic. Upon objection they were excluded, which is assigned as error. There is substantially no difference in the reports coming from the Mayo clinic and those of plaintiff's physicians which were received in evidence, and if the exclusion of the former was error, it was error without prejudice, as there appears to be no dispute about the facts.

It is manifest from the verdict and charge of the court that the jury considered that plaintiff's total disability dated from February 14, 1917. The verdict, insofar as the allowance of interest is concerned, was in exact keeping with the charge of the court. However, the interest should have been calculated from the expiration of 2 years from the beginning of plaintiff's total disability. The verdict, as returned by the jury, was for $1,275.33. The trial court reduced it to $1,200, on an apparent error in calculating interest.

Under the evidence, as stated, the plaintiff is entitled to recover, if at all, $1,000 with interest thereon at 6 per cent from the expiration of 2 years from the beginning of her total disability, amounting to $1,156. The amount of the verdict should be modified accordingly. It is so ordered and the order appealed from is affirmed.